IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATALIE E.D., | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 24-5323 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE      May 29, 2025

    Natalie E.D. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Child Disability Benefits ("CDB") and Disability Insurance Benefits ("DIB") and under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied.

### I.    PROCEDURAL HISTORY[2]

    On July 27, 2021, Plaintiff applied for CDB, alleging that her disability commenced on July 31, 2021. R. 14. The claim was denied initially and upon reconsideration; therefore, she requested a hearing. *Id.* During the pendency of that case, Plaintiff filed a DIB claim on June 20, 2023, based upon the same July 31, 2021 date. *Id.* Her DIB claim was escalated and combined

---

[1] Frank Bisignano became the Commissioner of Social Security, on May 6, 2025. Pursuant to Rule 25(d)(a) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this case. No further action need be taken to continue this action, pursuant to section 205 of the Social Security Act. 42 U.S.C. § 405(g).
[2] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

with her CBD claim. *Id.*

On November 6, 2023, Plaintiff's hearing was convened before Marc Silverman, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an attorney, testified in person and Irene Montgomery, a vocational expert, ("the VE") testified via telephone. R. 45. At the hearing, Plaintiff amended her alleged onset date ("AOD") to February 4, 2021. R. 14. On December 26, 2023, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. R. 14-35. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on July 31, 2024, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff presently seeks judicial review; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.  FACTUAL BACKGROUND

A.  <u>Personal History</u>

Plaintiff, born on August 19, 1999, was 23 years of age on her date last insured, September

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

30, 2022.  R. 17.  She has a high school education and no past relevant work.  R. 33.

B.      Plaintiff's Testimony

At the November 6, 2023 administrative hearing, Plaintiff testified about her impairments. R. 49-64.  Her disability claim initially stems from a serious back injury she sustained on February 4, 2021.  R. 53-54.  As a result of the injury, Plaintiff has constant low back and neck pain.  R. 55. At rest, her pain level is between 3 and 4; with activity her pain level rises to 6-9.  R. 55.  Plaintiff can sit for approximately 20 minutes, stand for 15 minutes, and walk for 2 blocks; further activity causes excessive pain.  R. 55-56.  She can lift a gallon of milk but no object weighing more.  R. 56.  Plaintiff has undergone back surgery but still experiences constant back and neck pain; her surgeon has recommended an additional procedure to insert a plastic disc in her spine; this procedure would need to be repeated every 10 years, to replace the worn disc.  R. 52-53, 55.

Plaintiff also suffers from several mental health conditions.  R. 59-63.  Her conditions cause sleep disorder, nightmares, difficulty being intimate, periods of physical aggression, and emotional outbursts.  R. 59.  When angered, Plaintiff physically assaults loved ones such as her parents and boyfriend; she has caused them physical injury over the years.  R. 60-61.  When she feels that someone is not showing her sufficient attention, Plaintiff becomes verbally abusive toward that person.  R. 61, 63.  This happens on a weekly basis, which is an improvement achieved by regular therapy that commenced in 2022.  R. 61-63.  As a consequence of her sleep disorder and depression, when Plaintiff last attempted to work, she called out sick at least once per week.  R. 58.

C.      Vocational Testimony

The ALJ asked the VE to consider a person of Plaintiff's age and education,[4] who was

---

[4] The ALJ had previously determined that Plaintiff had no past relevant work.  R. 50, 65.

3

limited to sedentary[5] work, with a host of additional restrictions, including: being limited to simple tasks in a routine work environment; capable of no more than frequent interaction with supervisors, involving typical supervisory interactions; able to work in close proximity to others with brief incidental interactions; incapable of tandem work with others; incapable of interacting with the public; and capable of only low stress work, meaning routine work with no more than occasional changes in the work. R. 65. The VE responded that this person could perform several, unskilled[6] jobs: (1) final assembler, 15,000 positions in the national economy; (2) bonder for semiconductors, 30,000 positions in the national economy; and (3) addresser, 12,000 positions in the national economy. R. 65-66. If that same individual had the additional limitation of one unscheduled absence every other month, the VE opined that they could still perform all three jobs. R. 67. The VE further opined that employers tolerate only one unscheduled absence per month and being off-task no more than 10% of the time. R. 67-68. Finally, Plaintiff's attorney referred the VE to limitations contained in Exhibit 23F, a document prepared by Plaintiff's treating therapist.[7] R. 69. The VE opined that the following specific limitations contained therein were disabling: being off-task 21% to 41% of the workday; being unable to work in close proximity to others; being unable to make simple work decisions; and being unable to work at a consistent pace. R. 69.

### III.   THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. Born on August 18, 1999, [Plaintiff] had not attained age 22 as of February 21, 2021, the amended alleged onset date (20 CFR 404.102 and 404.350(a)(5)).

---

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a).

[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. §§ 404.1568(a), 416.968(a).

[7] Exhibit 23F is the October 4, 2023 Medical Source Statement prepared by Amanda Taylor, LCSW, Plaintiff's treating therapist. R. 1432-35.

2. [Plaintiff] last met the insured status requirements of the Social Security Act through September 30, 2022.

3. [Plaintiff] has not engaged in substantial gainful activity during the period since February 4, 2021, the amended alleged onset date, through her date last insured of September 30, 2022 (20 CFR 404.1571 *et seq.*).

4. Prior to attaining age 22 and through the date last insured, [Plaintiff] had the following severe impairments: Asperger's disorder; attention deficit hyperactivity disorder (ADHD); oppositional defiant disorder (ODD); post-traumatic stress disorder (PTSD); disorders of the back, including cervical and lumbar DDD, status post lumbar decompression with laminectomy on 3/28/22, and lumbar radiculopathy; and obesity (20 CFR 404.1520(c)).

5. Prior to attaining age 22 and through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

6. After careful consideration of the entire record, I find that, prior to attaining age 22 and through the date last insured [Plaintiff] had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: can climb stairs occasionally; can never climb ladders, ropes, and scaffolds; can stoop occasionally; can never crawl; must avoid concentrated exposure to extreme cold, extreme heat, humidity, and vibration; can never be exposed to unprotected heights; limited to simple tasks in a routine work environment; no more than frequent interaction with supervisors involving superficial relating associated with typical supervisor interactions; can work in close proximity to others, but with only brief, incidental interaction with others and no tandem job tasks requiring cooperation with other workers to complete the task; no interaction with the general public; limited to low stress work, which is defined as routine work with no more than occasional changes in the work; and the individual will have one unscheduled absence every other month.

7. [Plaintiff] has no past relevant work (20 CFR 404.1565).
8. [Plaintiff] was born on August 18, 1999, and was 21 years old, which is defined as a younger individual age 18-44, on

5

           the alleged disability onset date. She was 23 years old on the date last insured. (20 CFR 404.1563).

9.    [Plaintiff] has at least a high school education (20 CFR 404.1564).

10.   Transferability of job skills is not an issue because Plaintiff does not have past relevant work (20 CFR 404.1568).

11.   Prior to attaining age 22 and through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569a).

12.   [Plaintiff] has not been under a disability, as defined in the Social Security Act, at any time prior to August 17, 2021, the date she attained age 22, nor through September 30, 2022, the date last insured (20 CFR 404.350(a)(5) and 404.1520(f)).

R. 17, 21, 33, 35.

## IV. DISCUSSION

A.   <u>Standard of Review</u>

      Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by

substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process ("SEP"), the ALJ determined that, despite having no past relevant work, Plaintiff could perform a limited range of sedentary work; hence, she was not disabled. R. 14-35. Plaintiff disputes the ALJ's decision and argues that he reversibly erred by: (1) finding her treating therapist's opinions were not persuasive; (2) failing to assess properly the significance of the consistency between her statements about her condition and the statements made by her parents and her former job coach; (3) improperly assessing her residual functional capacity ("RFC") and, consequentially, posing a defective hypothetical question to the VE. Pl. Br. at 5-19. The Commissioner counters that the ALJ properly reached her non-disability decision. Resp. at 4-17. This court finds that the ALJ committed no errors, and substantial evidence supports his RFC assessment. Hence, Plaintiff's claims lack merit.

1.      Opinions of Amanda Taylor, LSCW, Plaintiff's Treating Therapist

Plaintiff first argues that the ALJ committed reversible error by finding that the October 4, 2023 opinions of Amanda Taylor, LSCW, Plaintiff's treating therapist, were not persuasive. Pl. Br. at 5-14; Reply at 1-5. This court finds no error in this conclusion.

Because Plaintiff filed her disability claim after March 27, 2017, the ALJ was required to apply new regulations when evaluating medical opinions. Those regulations state that, when evaluating medical opinions, an ALJ is only required to consider explicitly supportability and consistency when deciding whether a source's medical opinions are persuasive. 20 C.F.R. § 404.1520c(b)(2). Supportability is the objective medical evidence and explanations the medical source provides. 20 C.F.R. § 404.1520c(c)(1). Consistency requires comparing the medical source's opinions to the other evidence provided by medical and non-medical sources in the record. 20 C.F.R. § 404.1520c(c)(2).

8

The ALJ acknowledged that Ms. Taylor's opinions were extremely restrictive and inconsistent with the ability to perform any work.[8] R. 31. The ALJ also identified sources Ms. Taylor cited to support her opinions. R. 31-32. However, the ALJ concluded that Ms. Taylor's opinions overstated Plaintiff's limitations, because they were inconsistent with mental status examinations obtained before the expiration of Plaintiff's insured status (September 30, 2022) as well as her subsequent treatment notes from September 2023. R. 32.

The ALJ considered explicitly the required factors of supportability and consistency. Furthermore, the ALJ determined that Ms. Taylor's opinions were not persuasive, because they were inconsistent with Plaintiff's treatment records before and after the date last insured. By assessing these documents, the ALJ performed the duties ascribed to him by the governing regulations. He also cited substantial evidence, which is simply more than a mere scintilla.[9] *Biestek*, 587 U.S. at 103. Hence, there is no basis to find he committed legal error or that his determination lacked substantial evidence; Plaintiff's first assertion lacks merit.

2. Statements of Plaintiff's Parents and Former Job Coach

Next, Plaintiff argues that the ALJ committed reversible legal error by failing to determine whether the statements of her parents and former job coach were consistent with her own testimony about her symptoms. Pl. Br at 15-17; Reply at 7-8. This court disagrees.

The ALJ summarized the contents of the statements of Plaintiff's parents and her former job coach. R. 32-33. He also indicated that he was required to consider whether they were consistent with Plaintiff's statements about her symptoms and the other evidence in the record. R.

---

[8] When asked to consider specific limitations found by Ms. Taylor, the VE opined that they would preclude performance of any work. R. 69.
[9] Plaintiff cites record evidence that could support an opposite conclusion from the one reached by the ALJ. Reply at 2-3, 5-6. However, the existence of contrary evidence does not signify that the ALJ failed to identify substantial evidence to support his conclusion. That is all that is required. *Biestek*, 587 U.S. at 103.

33 (citing Social Security Ruling 16-3p). The ALJ concluded that Plaintiff's testimony about her symptoms was only accepted to the extent it was consistent with the ALJ's assessment of her RFC. R. 33.

This court acknowledges that it would have been better for the ALJ to have stated explicitly that, although Plaintiff's symptom description was supported by the statements of her parents and former job coach, he believed that these third party statements were inconsistent with the other evidence in the record. However, this court is not authorized to require that ALJs write their opinions in particular ways. *See Hess v. Comm's of Soc Sec.*, 931 F.3d 198, 209 (3d Cir. 2019). It is apparent to this court that the ALJ found that, despite the fact that Plaintiff's subjective symptom testimony was consistent with the statements of her parents and former job coach, he thought those statements contradicted the balance of the record and, for that reason, reached his RFC assessment. The ALJ's decision is capable of judicial review, hence, there is no basis to find error, despite his failure to write a better-articulated decision. *Cf. Rutherford*, 399 F.3d at 555 (finding a decision amenable to judicial review where the ALJ considered record evidence and provided reasons to support his conclusion).

3. The ALJ's RFC Assessment and Hypothetical Question

Finally, Plaintiff maintains that the ALJ's RFC assessment was defective, as was the initial hypothetical question posed to the VE, hence, there is not substantial evidence to support the ALJ's finding of non-disability.[10] Pl. Br. at 18-19; Reply at 8. She bases this argument on the ALJ's failure to adopt Ms. Taylor's extreme limitations. *Id.* This objection is unpersuasive.

As explained above, *see supra* Section III.C.1, the ALJ complied with the governing regulations when she declined to accept Ms. Taylor's more extreme disabling limitations, and, as

---

[10] The initial hypothetical question contained the RFC assessment the ALJ reached and the VE's response yielded the jobs the ALJ concluded Plaintiff could perform at the fifth step of the sequential evaluation process.

10

required, identified substantial record evidence to support his decision. Hence, the ALJ was not required to include those more restrictive limitations in any hypothetical question posed to the VE. *Rutherford*, 399 F.3d at 554. For this reason, the hypothetical question posed, which contained the ALJ's RFC assessment, was not deficient and the VE's response provided substantial evidence to support the ALJ's non-disability determination. *Id*.

An implementing order and order of judgment follow.